UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOHNNY S. CLAUSELL,

                    Petitioner,                          Case No. 2:16-cv-250

v.                                                       Honorable Janet T. Neff

KATHLEEN OLSON,

                    Respondent.

_____/

## **OPINION**

        This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C.

§ 2254.[1]  Promptly after the filing of a petition for habeas corpus, the Court must undertake a

preliminary review of the petition to determine whether "it plainly appears from the face of the

petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."

Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243.  If so, the petition must be

summarily dismissed.  Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court

has the duty to "screen out" petitions that lack merit on their face).  A dismissal under Rule 4

includes those petitions which raise legally frivolous claims, as well as those containing factual

allegations that are palpably incredible or false.  *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir.

---

[1]Petitioner has filed a motion seeking to transfer his petition to the Eastern District of Michigan, ostensibly because the criminal case arose in that district and the officials who participated in the criminal proceedings reside there. Petitioner's habeas application could have been brought in either this Court or the Eastern District of Michigan, as he was convicted in the Eastern District of Michigan and he currently is being held in a prison located in this district.  *See* 28 U.S.C. § 2241(d) (authorizing the filing of a habeas petition in either the district in which the conviction occurred or in the district where the petitioner is in custody).  Petitioner utterly fails to demonstrate that transfer of venue would be "[f]or the convenience of parties or witnesses [or] in the interest of justice . . . ."  28 U.S.C. § 1404(a).  His motion to transfer the case to the Eastern District of Michigan (ECF No. 5) therefore will be denied.

1999).  After undertaking the review required by Rule 4, the Court concludes that the petition must

be dismissed because it fails to raise a meritorious federal claim.

## Factual Allegations

Petitioner Johnny Clausell presently is incarcerated at the Ojibway Correctional

Facility.  He pleaded guilty to charges in four cases in the Macomb County Circuit Court.

Specifically, he pleaded guilty to four counts of armed robbery, MICH. COMP. LAWS § 750.529, one

count of conspiracy to commit armed robbery, MICH. COMP. LAWS § 750.529, one count of unarmed

robbery, MICH. COMP. LAWS § 750.530, two counts of stealing a financial transaction device (credit

card), MICH. COMP. LAWS § 750.157n, and one count of carrying a weapon with unlawful intent,

MICH. COMP. LAWS § 750.226.  He pleaded no contest to two counts of possessing a firearm during

the commission of a felony (felony firearm), MICH. COMP. LAWS § 750.227b.  Petitioner's plea was

entered subject to a *Cobbs*[2] plea agreement to a sentence at the bottom of the guidelines range, which

capped Petitioner's minimum sentence at 12 years.  (Plea Tr., ECF No. 2-5, PageID.43.)  The trial

court found Petitioner guilty of all charges on February 8, 2011.  (*Id.*, PageID.27-30.)

On April 13, 2011, the trial court sentenced Petitioner as a fourth felony offender,

MICH. COMP. LAWS § 769.12, on all convictions except the felony-firearm convictions.  Petitioner

received consecutive two-year prison terms for the felony-firearm convictions, two terms of 1 to 15

years for the financial-transaction-device convictions, three terms of 12 to 20 years for one of the

armed-robbery convictions, the  conspiracy to commit armed robbery conviction, and the unarmed

---

[2]In *People v. Cobbs*, 505 N.W.2d 208 (Mich. 1993), the Michigan Supreme Court approved a process under which a judge conducts a preliminary evaluation of the case and makes a tentative offer of the sentence prior to a defendant's entry of a plea.  The supreme court held that such an agreement was lawful, if the defendant was given the right to withdraw the plea when and if the judge on full review decided not to honor the earlier agreement.

robbery conviction.  The court imposed sentences of 10 to 20 years' imprisonment on the remaining armed-robbery convictions.

Petitioner sought leave to appeal his convictions to the Michigan Court of Appeals, and he indicates in his petition that he raised three issues:  (1) the trial court failed to properly consider Petitioner's request for a substitution of counsel on the date of trial; (2) ineffective assistance of appellate counsel; and (3) the search warrant was faulty and the product of the search should have been suppressed.  (Pet., ECF No. 1, PageID.2-3.)  The court of appeals denied leave to appeal on May 29, 2012.  Petitioner raised the same issues in an application for leave to appeal to the Michigan Supreme Court.  The supreme court denied leave to appeal on October 22, 2012.

On June 12, 2013, Petitioner filed a motion for relief from judgment in the Macomb County Circuit Court, allegedly raising the same three issues he presented on direct appeal. The trial court denied relief from judgment on August 12, 2014, addressing two issues (the claim concerning his request to substitute counsel and the claim of ineffective assistance of counsel) on the merits.  (Cir. Ct. Op. & Order, ECF No. 2-2, PageID.30-35.)  Petitioner sought leave to appeal to both the Michigan Court of Appeals and the Michigan Supreme Court.  Those courts denied leave to appeal on June 22, 2015 and May 24, 2016, respectively.

Petitioner filed the instant habeas petition on or about November 1, 2016.[3]  He raises the same three grounds for relief presented to and rejected by the Michigan courts.

---

[3]Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court.  *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).  Petitioner dated his application on November 1, 2016, and it was received by the Court on November 7, 2016.  For purposes of this opinion, the Court has given Petitioner the benefit of the earliest possible filing date.  *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)).

**Standard of Review**

The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). The AEDPA has "drastically changed" the nature of habeas review. *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). This standard is "intentionally difficult to meet." *Woods v. Donald*, 575 U.S. __, 135 S. Ct. 1372, 1376 (2015) (quotation marks omitted).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This Court may consider only the "clearly established" holdings, not the dicta, of the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Bailey*, 271 F.3d at 655. In determining whether federal law is clearly established, the Court may not consider the decisions of lower federal courts. *Lopez v. Smith*, 135 S. Ct. 1, 3 (2014); *Bailey*, 271 F.3d at 655. Moreover, "clearly established Federal law" does not include decisions of the Supreme Court announced after the last adjudication of the merits in state court. *Greene v. Fisher*, 132 S. Ct. 38 (2011). Thus, the inquiry is limited to an examination of the legal landscape as it would have appeared to the Michigan state courts in light of Supreme Court precedent at the time of the state-

court adjudication on the merits. *Miller v. Stovall*, 742 F.3d 642, 644 (6th Cir. 2014) (citing *Greene*, 132 S. Ct. at 44).

A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in the Supreme Court's cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts. *Bell*, 535 U.S. at 694 (citing *Williams*, 529 U.S. at 405-06). "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Woods*, 135 S. Ct. at 1376 (quoting *Harrington v. Richter*, 562 U.S. 83, 103 (2011)). In other words, "[w]here the precise contours of the right remain unclear, state courts enjoy broad discretion in their adjudication of a prisoner's claims." *White v. Woodall*, 572 U.S. ___, 134 S. Ct. 1697, 1705 (2014) (quotations marks omitted). The court may grant relief under the "unreasonable application" clause "if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular . . . case." *Williams*, 529 U.S. at 407. A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411; *accord Bell*, 535 U.S. at 699. Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Id.* at 410. "[R]elief is available under § 2254(d)(1)'s unreasonable-application clause if, and only if, it is so obvious that a clearly established rule applies to a given set of facts that there could be no

'fairminded disagreement' on the question." *White*, 134 S. Ct. at 1706-07 (quoting *Harrington*, 562 U.S. at 103).

Where the state appellate court has issued a summary affirmance, it is strongly presumed to have been made on the merits, and a federal court cannot grant relief unless the state court's result is not in keeping with the strictures of the AEDPA. *See Harrington*, 562 U.S. at 99; *see also Johnson v. Williams*, 133 S. Ct. 1088, 1094 (2013); *Werth v. Bell*, 692 F.3d 486, 494 (6th Cir. 2012) (applying *Harrington* and holding that a summary denial of leave to appeal by a Michigan appellate court is considered a decision on the merits entitled to AEDPA deference). The presumption, however, is not irrebuttable. *Johnson*, 133 S. Ct. at 1096. Where other circumstances indicate that the state court has not addressed the merits of a claim, the court conducts *de novo* review. *See id.* (recognizing that, among other things, if the state court only decided the issue based on a state standard different from the federal standard, the presumption arguably might be overcome); *see also Harrington*, 562 U.S. at 99-100 (noting that the presumption that the state-court's decision was on the merits "may be overcome when there is reason to think some other explanation for the state court's decision is more likely"); *Wiggins v. Smith*, 539 U.S. 510, 534 (2003) (reviewing habeas issue *de novo* where state courts had not reached the question).

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003); *Bailey*, 271 F.3d at 656. This presumption of correctness is accorded to findings of state

appellate courts, as well as the trial court.  *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989).

## Discussion

I.     Denial of Motion to Suppress

Petitioner argues that the trial court erred when it refused to grant defense counsel's motion to suppress the results of the search warrant.  Petitioner contends that the warrant and supporting affidavit were false, because the affidavit contained facts that could not possibly have been known on the date the magistrate purportedly signed the warrant.  He therefore asserts that the search warrant was not based on probable cause at the time it was issued and that the resulting search was unreasonable, in violation of the Fourth Amendment.  He argues that the evidence obtained from the warrant should be suppressed.

Petitioner's claim is barred by the doctrine of *Stone v. Powell*, 428 U.S. 465 (1976); *see also Queen v. Scroggy*, 99 F.3d 1302, 1332 (6th Cir. 1996) (noting that it is well-settled that *Stone v. Powell* bars Fourth Amendment claims).  In *Stone v. Powell*, the Supreme Court held that federal habeas review is not available to a state prisoner alleging that his conviction rests on evidence obtained through an unconstitutional search or seizure, as long as the state has given the petitioner a full and fair opportunity to litigate the Fourth Amendment claim.  *Id.*; *see also Rashad v. Lafler*, 675 F.3d 564, 570 (6th Cir. 2012).

In order for the rule of *Stone v. Powell* to apply, the state must have provided, in the abstract, a mechanism by which to raise the Fourth Amendment claim, and the presentation of the claim in the case before the court must not have been frustrated by failure of that mechanism.  *See Gilbert v. Parke*, 763 F.2d 821, 823 (6th Cir. 1985).  If these two inquiries are satisfied, federal

habeas review of the Fourth Amendment claim is precluded, even if the federal court deems the state-court determination of the claim to have been in error. *Id.* at 824; *accord Jennings v. Rees*, 800 F.2d 72 (6th Cir. 1986); *Markham v. Smith*, 10 F. App'x 323, 326 (6th Cir. 2001).

In the present case, Petitioner cannot satisfy either prong of the *Stone v. Powell* standard.  First, it is beyond dispute that Michigan has a state procedural mechanism that provides a defendant a full opportunity to raise a Fourth Amendment claim before trial.  Even before the United States Supreme Court decided that the federal exclusionary rule applied to state criminal proceedings, the Michigan courts applied the exclusionary rule to the fruits of unconstitutional searches and seizures. *See People v. Margelis*, 186 N.W. 488 (Mich. 1922).  After *Mapp v. Ohio*, 367 U.S. 643 (1961), the Michigan courts consistently have acknowledged their duty, under both the federal and state constitutions, to suppress evidence seized in violation of the Fourth Amendment. *See, e.g.*, *People v. David*, 326 N.W.2d 485, 488 (Mich. Ct. App. 1982).  Consequently, Michigan affords criminal defendants a vehicle by which to raise Fourth Amendment challenges.

Second, to satisfy the remaining prong of *Stone v. Powell*, Petitioner must allege facts showing that the state corrective mechanism has somehow broken down. *See, e.g.*, *Agee v. White*, 809 F.2d 1487, 1490 (11th Cir. 1987) (habeas review not barred when state appellate court completely ignored Fourth Amendment claim).  The Sixth Circuit pointedly has held that the doctrine of *Stone v. Powell* applies, even if the federal court deems the state-court determination of the Fourth Amendment claim to have been in "egregious error." *Gilbert*, 763 F.2d at 824 (citing *Riley v. Gray*, 674 F.2d 522, 526 (6th Cir. 1982)).

-8-

Petitioner has not alleged any facts showing that the state's mechanism broke down. Rather, he expressly states in his habeas application that the Michigan trial court gave Petitioner's Fourth Amendment claim full and proper consideration. The Michigan Court of Appeals reviewed Petitioner's application for leave to appeal and determined that it lacked merit. Petitioner applied for leave to appeal to the Michigan Supreme Court, which denied his application. Thus, the state-court mechanism was fully available to Petitioner. As a result, even if this Court were to disagree with the determination of the Michigan courts, that disagreement would be insufficient to satisfy the second prong of the Sixth Circuit standard. *Id.*

Because Petitioner has failed to demonstrate either prong of *Stone v. Powell*, his claim of illegal search and seizure is barred on habeas review.

Moreover, even if his claim were not barred by *Stone v. Powell*, Petitioner has waived the issue by pleading guilty. It has long been the case that a valid guilty plea bars habeas review of most non-jurisdictional claims alleging antecedent violations of constitutional rights. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Among claims not barred are those that challenge "the very power of the State to bring the defendant into court to answer the charge against him," *Blackledge v. Perry*, 417 U.S. 21, 30 (1974), and those that challenge the validity of the guilty plea itself. *See Hill v. Lockhart*, 474 U.S. 52, 58 (1985); *Haring v. Prosise*, 462 U.S. 306, 320 (1983); *Tollett*, 411 U.S. at 267.

Petitioner does not challenge either the validity of the plea or the jurisdiction of the trial court. Instead, Petitioner's claim that the search warrant violated the Fourth Amendment is an antecedent constitutional violation that is not cognizable on habeas review. *Tollett*, 411 U.S. at 266; *see also United States v. Anderson*, 293 F. App'x 960 (3d Cir. 2008) (applying *Tollett* and holding

that entry of a guilty plea forecloses subsequent attack on adequacy of arrest warrant); *United States v. Rivera-Juarez*, No. 93-4288, 1994 WL 657087, at *1 (6th Cir. Nov. 21, 1994) (holding that a guilty plea waives a petitioner's claims of illegal arrest and searches).   As a result, by entering his guilty plea, Petitioner waived his claim based on the search warrant.

For both reasons, Petitioner's third ground for habeas relief challenging the validity of the search warrant is not subject to habeas review.

II.   <u>Failure to Grant Request to Substitute Trial Counsel</u>

In his first habeas ground, Petitioner asserts that the trial court erred by not considering his pro per request to substitute counsel on the date of trial.   Petitioner contends that he was entitled to substitute counsel, because his trial attorney's performance was inadequate in failing to immediately appeal the denial of the motion to suppress to the chief judge of the Macomb County Circuit Court or to the Michigan Court of Appeals.   He also alleges that trial counsel advised him that he was likely to lose at trial.   He therefore asserts that substitute counsel should have been appointed.

The Sixth Amendment provides a criminal defendant with the right "to have the Assistance of Counsel for his defense."   U.S. Const. amend. VI.   One element of that right is the right to have counsel of one's choice.   *See United States v. Gonzalez-Lopez*, 548 U.S. 140, 148 (2006).   However, the right to counsel of choice is not without limits.   *Id.*; *United States v. Mooneyham*, 473 F.3d 280, 291 (6th Cir. 2007).   "[T]he right to counsel of choice does not extend to defendants who require counsel to be appointed for them."   *Gonzalez-Lopez*, 548 U.S. at 151 (citing *Wheat v. United States*, 486 U.S. 153, 159 (1988), and *Caplin & Drysdale, Chartered v. United States*, 491 U.S. 617, 624 (1989)).   "'An indigent defendant has no right to have a particular

-10-

attorney represent him and therefore must demonstrate "good cause" to warrant substitution of counsel.'" *Mooneyham*, 473 F.3d at 291 (quoting *United States v. Iles*, 906 F.2d 1122, 1130 (6th Cir. 1990)); *see also Caplin & Drysdale*, 491 U.S. at 624 ("[T]hose who do not have the means to hire their own lawyers have no cognizable complaint so long as they are adequately represented by attorneys appointed by the courts."). Thus, where a court is faced with a defendant's request to effect a change in his representation by way of a motion to substitute counsel, the court must determine whether there is good cause for the substitution by balancing "the accused's right to counsel of his choice and the public's interest in the prompt and efficient administration of justice." *United States v. Jennings*, 83 F.3d 145, 148 (6th Cir. 1996).

On the afternoon that trial was set to begin, defense counsel made the following representation:

> MR. VERNIER:  In a conversation with my client this afternoon, he's indicated to me that he no longer wants me to represent him.  He's unsatisfied with me [sic] advice in this and doesn't feel I'm working hard enough for him.  So he informed me here today he would like new counsel to represent him.

(Plea Tr., ECF No. 2-5, PageID.42.)

In response, the trial court asked Petitioner whether defense counsel had accurately represented his complaint, and Petitioner agreed.  The court then held as follows:

> THE COURT:  All right.  Well, I know Mr. Vernier to be a very accomplished criminal defense lawyer.  He has practiced in front of the Court for many years.  And in addition, he has argued long and vigorously on your behalf in this case.

> In fact.  He has the Court at a position I am surprised I'm at.

> So today is the date set for trial.  I will not allow a withdrawal.  We will proceed to trial.

(*Id.*)

-11-

In addressing Petitioner's motion for relief from judgment, the trial court described

its reasoning in more detail:

> It is defendant's position that his convictions and sentences should be set
> aside because the Court failed to inquire into the factual basis for his request for
> substitution of counsel on the trial date.  The Michigan Court of Appeals addressed
> the substitution of counsel and held that:
>
> > An indigent defendant is guaranteed the right to counsel; however, he
> > is not entitled to have the attorney of his choice appointed simply by
> > requesting that the attorney originally appointed be replaced.
> > Appointment of a substitute counsel is warranted only upon a
> > showing of good cause and where substitution will not unreasonably
> > disrupt the judicial process.  Good cause exists where a legitimate
> > difference of opinion develops between a defendant and his appointed
> > counsel with regard to a fundamental trial tactic. The decision
> > regarding substitution of counsel is within the sound discretion of the
> > trial court and will not be upset on appeal absent a showing of an
> > abuse of that discretion.  [citations omitted]
>
> [*People v Mack*], 190 Mich App 7, 14; 475 NW2d 830 (1991).  A mere allegation
> that a criminal defendant lacks confidence in his trial attorney does not constitute
> good cause to substitute counsel.  *People  v Traylor,* 245 Mich App 460, 463; 628
> NW2d 120 (2001).  If a defendant contends that his assigned counsel is not adequate
> or diligent, or is disinterested, the trial court should hear the defendant's claim, and
> if there is a factual dispute, take testimony and make findings and conclusions on the
> record.  *People v Ginther,* 390 Mich 436,441-442; 212 NW2d 922 (1973).
>
> The record reflects that on the trial date, defendant's counsel, Kenneth D.
> Vernier (Vernier), informed the Court that defendant no longer wants Vernier to
> represent him because he is not satisfied with Vernier's advice and does not feel that
> Vernier is working hard enough for him.  [2/8/2011 Tr. at 3-4].  The Court opines
> that these vague and generalized reasons did not demonstrate "a legitimate difference
> of opinion" regarding "a fundamental trial tactic," but only showed, at the most, that
> defendant lacked confidence in Vernier.  *Mack, supra*; *Traylor, supra*.  However,
> this is not sufficient to constitute good cause. *Traylor, supra.* The Court asked
> defendant if Vernier's statement was correct, to which defendant responded in the
> affirmative.  Further, Vernier did not attempt to question defendant's reasons.  Since
> the Court entertained defendant's request for substitution of counsel, and since there
> was no factual dispute as to the reasons therefor, the Court had not been required to
> conduct an evidentiary hearing.  *Ginther, supra.*

(Cir. Ct. Op. & Order, ECF No. 2-2, PageID.32-33.)

Although the trial court did not cite federal constitutional law, the trial court's decision to deny Petitioner new counsel on the day of trial was fully consistent with established Supreme Court precedent. Petitioner was represented by appointed counsel, and he utterly failed to provide the trial court with good cause for his request to substitute counsel. *See Mooneyham*, 473 F.3d at 291. Instead, by merely agreeing with his attorney's representations, Petitioner indicated only that he was not satisfied with his attorney. He fell far short of demonstrating that he was not" adequately represented by [the] attorney[] appointed by the court[]." *Caplin & Drysdale*, 491 U.S. at 624. In fact, Petitioner never even presented to the trial court his current assertions that counsel was inadequate in failing to appeal the motion to suppress. Further, even had he made those representations at the time of his request for substitute counsel, such reasons would not have supported a conclusion that counsel was not adequately representing Petitioner. The Michigan Rules of Court do not authorize an appeal from one circuit judge's ruling to the chief judge of the circuit. And any appeal of the denial of the motion to suppress to the Michigan Court of Appeals would have been interlocutory and available only by leave of court. *See* MICH. CT. R. 7.203(B)(1) (authorizing appeal by leave for any non-final order of the circuit court). In fact, the suppression issue could have been appealed as of right only if Petitioner had been convicted following a trial. *See* MICH. CT. R. 7.203(A)(1)(b) (providing an appeal of right from the final judgment in a criminal case, except when the conviction is based on a plea of guilty or nolo contendere). Regardless of the merits of the appeal (merits that Petitioner fails to support), leave to appeal would not have been likely to be granted. Petitioner's attorney acted reasonably in concluding that such an attempted appeal would have been futile.

-13-

Moreover, the lateness of the request, coming as it did on the day trial was scheduled to begin, cut against the grant of Petitioner's motion.  On balance, the trial court reasonably weighed "the accused's right to counsel of his choice and the public's interest in the prompt and efficient administration of justice" in denying Petitioner's motion.  *Jennings*, 83 F.3d at 148.

For all of these reasons, Petitioner's right to counsel was not violated by the trial court's decision to deny his last-minute request for substitute counsel.  The state court's decision was neither contrary to nor an unreasonable application of clearly established Supreme Court precedent.

## III.    Ineffective Assistance of Appellate Counsel

Petitioner next argues that appellate counsel rendered ineffective assistance by not filing a "motion to dismiss sentence and order new trial because of the search warrant issue that was first brought up in Judge Donald Miller's court, and in which, a wrong judgment was entered." (Pet., ECF No. 1, PageID.7.[4]

---

[4] Petitioner failed to exhaust the stated issue in the state courts.  Instead, in his claim of ineffective assistance of appellate counsel in the state court, Petitioner argued that appellate counsel failed to raise the issue of Petitioner's request for substitution of counsel.  (See Cir. Ct. Op. & Order, ECF No. 2-2, PageID.33-34.)  Before the court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts.  28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim.  *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971) (cited by *Duncan v. Henry*, 513 U.S. 364, 365 (1995) and *Anderson v. Harless*, 459 U.S. 4, 6 (1982)).  An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented.  28 U.S.C. § 2254(c).  Exhaustion is only a problem, however, if there is a state court remedy available for petitioner to pursue, thus providing the state courts with an opportunity to cure any constitutional infirmities in the state court conviction.  *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).  If no further state remedy is available to the petitioner, exhaustion does not present a problem, but the claim is procedurally defaulted and the federal court must determine whether cause and prejudice exists to excuse the failure to present the claim in state court.  *Id.*  Under Michigan law effective August 1, 1995, a defendant may file one motion for relief from judgment under Michigan Court Rule 6.500 *et. seq.*  *See* MICH. CT. R. 6.502(G)(1).  Petitioner already has filed his one allotted motion.  He therefore has no available remedy.  As a result, his claim is procedurally defaulted.  *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996); *Rust*, 17 F.3d at 160.

The U.S. Supreme Court has held that federal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits.  *See Hudson v. Jones*, 351 F.3d 212, 216 (6th Cir. 2003) (citing

In *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984), the Supreme Court established a two-prong test by which to evaluate claims of ineffective assistance of counsel.  To establish a claim of ineffective assistance of counsel, the petitioner must prove:  (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome.  A court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.  The defendant bears the burden of overcoming the presumption that the challenged action might be considered sound trial strategy.  *Id.* (citing *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)); *see also Nagi v. United States*, 90 F.3d 130, 135 (6th Cir. 1996) (holding that counsel's strategic decisions were hard to attack).  The court must determine whether, in light of the circumstances as they existed at the time of counsel's actions, "the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690.  Even if a court determines that counsel's performance was outside that range, the defendant is not entitled to relief if counsel's error had no effect on the judgment.  *Id.* at 691.

In a claim of ineffective assistance of appellate counsel, the Supreme Court has recognized that an appellant has no constitutional right to have every non-frivolous issue raised on appeal.  "'[W]innowing out weaker arguments on appeal and focusing on' those more likely to

---

*Lambrix v. Singletary*, 520 U.S. 518, 525 (1997) ("Judicial economy might counsel giving the [other] question priority, for example, if it were easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law."), and *Nobles v. Johnson*, 127 F.3d 409, 423-24 (5th Cir. 1997) (deciding against the petitioner on the merits even though the claim was procedurally defaulted).  *See also* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").  Because the procedural default issue raises more questions than the case on the merits, the Court will skip the procedural default and determine the question on its merits.  *See Hudson*, 351 F.3d at 215-16; *Binder v. Stegall*, 198 F.3d 177, 178 (6th Cir. 1999).

prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." *Smith v. Murray*, 477 U.S. 527, 536 (1986) (quoting *Jones v. Barnes*, 463 U.S. 745, 751-52 (1983)). To require appellate counsel to raise every possible colorable issue "would interfere with the constitutionally protected independence of counsel and restrict the wide latitude counsel must have in making tactical decisions." *Strickland*, 466 U.S. at 688.  As the Supreme Court recently has observed, it is difficult to demonstrate that an appellate attorney has violated the performance prong where the attorney presents one argument on appeal rather than another. *Smith v. Robbins*, 528 U.S. 259, 289 (2000).  In such cases, the petitioner must demonstrate that the issue not presented "was clearly stronger than issues that counsel did present." *Id.*

Petitioner utterly fails to overcome the presumption that appellate counsel's representation fell "within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.  Indeed, according to Petitioner's representations in his application for habeas relief, appellate counsel actually raised the suppression issue on appeal. (*See* Pet., ECF No. 1, PageID.2-3 (listing arguments on direct appeal).)  Even assuming that Petitioner's representation in his petition is inaccurate and appellate counsel raised other arguments on appeal, Petitioner does not even identify those issues.  Under these circumstances, he cannot demonstrate that his claim concerning the motion to suppress–a claim that already had been rejected by the trial court–"was clearly stronger than the issues that counsel did present." *Smith*, 528 U.S. at 289.

Accordingly, Petitioner's claim of ineffective assistance of counsel will be denied as meritless.

## Conclusion

-16-

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a meritorious federal claim.

### Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this

-17-

Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.

Dated:   December 8, 2016          /s/ Janet T. Neff
                                   Janet T. Neff
                                   United States District Judge

-18-